All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 7/19/2023 10:00 AM

\* 5 0 2 8 9 7 7 2 \*

FILED
5/10/2023 4:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L004872
Calendar, A
22667859

FILED DATE: 5/10/2023 4:01 PM   2023L004872

STATE OF ILLINOIS )
)
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

BRADY RUCKER, )
)
Plaintiff, )
)
vs. ) NO. 2023L004872
)
SPEEDWAY, LLC, )
)
Defendant. )

## COMPLAINT

### COUNT I – PREMISES LIABILITY

NOW COMES the Plaintiff, BRADY RUCKER, by and through his attorneys, GOLDSTEIN BENDER & ROMANOFF, and complaining of the Defendant, SPEEDWAY, LLC, states as follows:

1. That on or about October 24, 2021, and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, was and still is a corporation authorized to do business under the laws of the State of Illinois.

2. That on or about October 24, 2021, and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, owned or leased the premises located at 7859 South Harlem Avenue, Burbank, Illinois.

3. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of operating a certain location at 7859 South Harlem Avenue, Burbank, Illinois.

**EXHIBIT A**

* 5 0 2 8 9 7 7 2 *

FILED DATE: 5/10/2023 4:01 PM 2023L004872

4. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of managing a certain location at 7859 South Harlem Avenue, Burbank, Illinois (hereinafter referred to as "the premises").

5. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of maintaining the floor surface in the restroom of the premises.

6. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of controlling the floor surface in the restroom of the premises.

7. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, was in charge of the maintenance to the premises, including but not limited to the floor surface in the restroom of the premises.

8. That on or about the date aforesaid and at all times and places hereinafter mentioned, SPEEDWAY, LLC, by its agents, servants and/or employees, was in charge of the inspections of the premises, including but not limited to the floor surface of the restroom of the premises.

9. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Plaintiff was lawfully on the aforesaid premises at the invitation and suggestion of the Defendant.

* 5 0 2 8 9 7 7 2 *

FILED DATE: 5/10/2023 4:01 PM 2023L004872

10. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, allowed and/or permitted the floor surface of the restroom to contain unnatural accumulation of water.

11. That on or about the date aforesaid and at all times and places hereinafter mentioned, it was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care and diligence to keep and maintain said location, including but not limited to the floor surface in the restroom in a reasonably safe condition and repair for its general use.

12. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, had a duty to make the premises safe for the Plaintiff, BRADY RUCKER.

13. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, had notice and/or knowledge, or might by the exercise of reasonable due diligence would have had notice and/or knowledge of said dangerous condition.

14. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care in the management of the premises as to not cause damage and/or injury to the Plaintiff.

15. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care in the maintenance of the premises as to not cause damage and/or injury to the Plaintiff.

16. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care in the control of the premises as to not cause damage and/or injury to the Plaintiff.

17. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Plaintiff, SPEEDWAY, LLC, was attempting to walk upon the floor surface in the restroom when he slipped, tripped, stumbled and/or fell due to the unnatural accumulation of water.

18 That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was then and there guilty of one or more of the following negligent acts or omissions:

a) operated, managed, maintained and controlled the aforesaid premises and in particular the floor surface in the restroom so that the Plaintiff was greatly injured;

b) allowed and/or permitted said floor surface in the restroom to be and remain in an unsafe and dangerous condition in that there was an unnatural accumulation of water present thereon, although the Defendant knew or in the exercise of reasonable care and caution should have known that the presence of same could and would cause injury to persons lawfully present thereon;

c) allowed and/or permitted an unnatural accumulation of water to be present on the floor surface in the restroom although the Defendant knew or in the exercise of reasonable care should have known that the presence of the same would and could cause injury to persons lawfully thereon;

d) failed to and/or refused to remove the unnatural accumulation of water, from said floor surface in the restroom although the Defendant knew or in the exercise of reasonable care should have known that the presence of same could and would cause injury to persons lawfully thereon;

e) failed to and/or refused to warn and/or notify persons either by word of mouth, the posting of signs and/or placement of barriers and/or barricades and/or guards of the unsafe and dangerous condition of the floor surface in the restroom of the aforesaid premises in order to avoid causing injury to persons lawfully thereon;

FILED DATE: 5/10/2023 4:01 PM 2023L004872

f) failed to and/or refused to inspect the aforesaid premises and in particular the floor surface in the restroom in order to remedy and/or remove the unsafe and dangerous condition of the surface of the restroom floor of said premises;

g) failed to properly maintain and repair its toilets, urinals, and/or sinks, so that they leaked, overflowed, and/or spilled water onto the floor surface of the restroom of the premises;

h) failed to close off, lock, or barricade the restroom of the premises, although the Defendant knew or in the exercise of reasonable care should have known that the toilets, urinals, and/or sinks were leaking, overflowing, and/or spilling water onto the floor of the restroom, and the presence of the same would likely cause injury to persons lawfully on the premises; and

i) failed to and/or refused to warn and/or notify persons either by word of mouth, the posting of signs and/or placement of barriers and/or barricades and/or guards of the unsafe and dangerous condition of the toilets, urinals, and/or sinks leaking, overflowing, and/or spilling water onto the floor of the restroom in order to avoid causing injury to persons lawfully on the premises.

19. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, the Plaintiff was injured.

20. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, the Plaintiff, BRADY RUCKER, has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent and became liable for, and may in the future spend and become liable for, a large sum of money for medical care and attention; that the Plaintiff was unable to, and may in the future be unable to attend to his usual duties and affairs for long periods of time, to the Plaintiff's great detriment; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

FILED DATE: 5/10/2023 4:01 PM 2023L004872

WHEREFORE, the Plaintiff, BRADY RUCKER, prays for a judgment against Defendant, SPEEDWAY, LLC, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County and additionally costs of said suit.

## COUNT II – NEGLIGENCE

NOW COMES the Plaintiff, BRADY RUCKER, by and through her attorneys, GOLDSTEIN BENDER & ROMANOFF, and complaining of the Defendant, SPEEDWAY, LLC, states as follows:

1. That on or about October 24, 2021, and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, was and still is a corporation authorized to do business under the laws of the State of Illinois.

2. That on or about October 24, 2021, and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, owned or leased the premises located at 7859 South Harlem Avenue, in the City of Burbank, County of Cook and State of Illinois.

3. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of operating a certain location at 7859 South Harlem Avenue, in the City of Burbank, County of Cook and State of Illinois.

4. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of managing a certain location at 7859 South Harlem Avenue, in the City of Burbank, County of Cook and State of Illinois. (hereinafter "the premises").

5. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was

FILED DATE: 5/10/2023 4:01 PM 2023L004872

engaged in the business of maintaining the floor surface in the patient waiting area of the premises.

6. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was engaged in the business of controlling the floor surface in the restroom of the premises.

7. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, was in charge of the maintenance to the premises, including but not limited to the floor surface in the restroom of the premises.

8. That on or about the date aforesaid and at all times and places hereinafter mentioned, SPEEDWAY, LLC, by its agents, servants and/or employees, was in charge of the inspections of the premises, including but not limited to the floor surface of the restroom of the premises.

9. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Plaintiff was lawfully on the aforesaid premises at the invitation and suggestion of the Defendant.

10. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, allowed and/or permitted the floor surface in the restroom to contain unnatural accumulation of water.

11. That on or about the date aforesaid and at all times and places hereinafter mentioned, it was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care and diligence to keep and maintain said location, including but not limited to the floor surface in the restroom in a reasonably safe condition and repair for its general use.


*5 0 2 8 9 7 7 2 *

FILED DATE: 5/10/2023 4:01 PM 2023L004872

12. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, had a duty to make the premises safe for the Plaintiff, BRADY RUCKER.

13. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care in the management of the premises as to not cause damage and/or injury to the Plaintiff.

14. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care in the maintenance of the premises as to not cause damage and/or injury to the Plaintiff.

15. That on or about the date aforesaid and at all times and places hereinafter mentioned, it then and there became and was the duty of the Defendant, SPEEDWAY, LLC, by its agents, servants and/or employees, to exercise reasonable care in the control of the premises as to not cause damage and/or injury to the Plaintiff.

16. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Plaintiff, BRADY RUCKER, was attempting to walk upon the floor surface in the restroom of the premises, when he slipped, tripped, stumbled and/or fell due to the unnatural accumulation of water.

17. That on or about the date aforesaid and at all times and places hereinafter mentioned, the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, was then and there guilty of one or more of the following negligent acts or omissions:

    a) operated, managed, maintained and controlled the aforesaid premises and in particular the floor surface in the restroom so that the Plaintiff was greatly

injured;

b) allowed and/or permitted said floor surface in the restroom to be and remain in an unsafe and dangerous condition in that there was an unnatural accumulation of water present thereon, although the Defendant knew or in the exercise of reasonable care and caution should have known that the presence of same could and would cause injury to persons lawfully present thereon;

c) allowed and/or permitted an unnatural accumulation of water to be present on the floor surface in the restroom although the Defendant knew or in the exercise of reasonable care should have known that the presence of the same would and could cause injury to persons lawfully thereon;

d) failed to and/or refused to remove the unnatural accumulation of water, from said floor surface in the restroom although the Defendant knew or in the exercise of reasonable care should have known that the presence of same could and would cause injury to persons lawfully thereon;

e) failed to and/or refused to warn and/or notify persons either by word of mouth, the posting of signs and/or placement of barriers and/or barricades and/or guards of the unsafe and dangerous condition of the floor surface in the restroom of the aforesaid premises in order to avoid causing injury to persons lawfully thereon;

f) failed to and/or refused to inspect the aforesaid premises and in particular the floor surface in the restroom in order to remedy and/or remove the unsafe and dangerous condition of the surface of the restroom floor of said premises;

g) failed to properly maintain or repair its toilets, urinals, and/or sinks, so that they leaked, overflowed, and/or spilled water onto the floor surface of the restroom of the premises;

h) failed to close off, lock, or barricade the restroom of the premises, although the Defendant knew or in the exercise of reasonable care should have known that the toilets, urinals, and/or sinks were leaking, overflowing, and/or spilling water onto the floor of the restroom, and the presence of the same would likely cause injury to persons lawfully on the premises; and

i) failed to and/or refused to warn and/or notify persons either by word of mouth, the posting of signs and/or placement of barriers and/or barricades and/or guards of the unsafe and dangerous condition of the toilets, urinals, and/or sinks leaking, overflowing, and/or spilling water onto the floor of the restroom in order to avoid causing injury to persons lawfully on the premises.

FILED DATE: 5/10/2023 4:01 PM  2023L004872

18.     That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, the Plaintiff was injured.

19.     That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of the Defendant, SPEEDWAY, LLC, by its agents, employees and/or servants, the Plaintiff, BRADY RUCKER, has suffered, and may in the future suffer, great pain and anguish; that the Plaintiff has spent and became liable for, and may in the future spend and become liable for, a large sum of money for medical care and attention; that the Plaintiff was unable to, and may in the future be unable to attend to his usual duties and affairs for long periods of time, to the Plaintiff's great detriment; that the Plaintiff was otherwise greatly injured and was caused to expend additional money as a result of said occurrence.

WHEREFORE, the Plaintiff, BRADY RUCKER, prays for a judgment against the Defendant, SPEEDWAY, LLC, in an amount in excess of the jurisdictional limit of the Law Division of the Circuit Court of Cook County, and additionally costs of said suit.

GOLDSTEIN BENDER & ROMANOFF

/s/ *Alan H. Bender*
ALAN H. BENDER

GOLDSTEIN BENDER & ROMANOFF
Attorneys for Plaintiff
One North LaSalle Street, Suite 1000
Chicago, Illinois 60602
(312) 346-8558
abender@gbrlegal.com
Attorney No. 31521

10

All Law Division initial Case Management Dates will be heard via ZOOM.
For more information and Zoom Meeting IDs go to https://www.cookcountycourt.org/HOME/Zoom-Links/Agg4906_SelectTab/12
Remote Court date: 7/19/2023 10:00 AM

\* 5 0 2 8 9 7 7 2 \*

FILED
5/10/2023 4:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L004872
Calendar, A
22667859

FILED DATE: 5/10/2023 4:01 PM  2023L004872

STATE OF ILLINOIS )
)
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| BRADY RUCKER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) NO. 2023L004872 |
| SPEEDWAY, LLC, | ) ) |
| Defendant. | ) |

### AFFIDAVIT PER SUPREME COURT RULE 222

I, Alan H. Bender, being first duly sworn on oath, depose and state as follows:

1. That your affiant is one of the attorneys representing the Plaintiff in the instant lawsuit.

2. That pursuant to Supreme Court Rule 222(b) the total of money damages sought for each claim exceeds $50,000.00.

Further affiant sayeth not.

GOLDSTEIN BENDER & ROMANOFF

/s/ Alan H. Bender
_____
Alan H. Bender

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that she verily believes the same to be true.

/s/ Alan H. Bender
_____
Alan H. Bender

MAY 19 2023